Good morning and may it please the court. My name is Daniel Perez. I represent Eric Tompkins pursuant to the Criminal Justice Act. I'd like to make two points this morning, one related to good faith and the other one explaining why the cost of suppression in this particular case would not be high. Let's assume that instead of applying for a search warrant from a magistrate, the deputy marshal applied for a mortgage from a bank. And the deputy marshal did not tell the bank about a lien on an unrecorded lien on his property. That would be misleading. He withheld material information from the bank. The deputy marshal here knew about SD cards as a general matter. He described them in his affidavit. And he knew as a factual matter that there was an SD card inside of that phone when he applied for the warrant. Can I just ask to take you back before we get to good faith, and I know that the government isn't arguing this, but what is your argument as to why the SD card is not within the scope of the warrant itself? I mean, the property to be searched is a Samsung model cell phone. As I understand it, the SD card is inside behind a cover on the phone. And this attachment B specifies that there are records and information to include all of the foregoing items of evidence in whatever form and by whatever means created or stored, including any computer or electronic storage such as flash memory. And I literally am asking this question to understand the technology better. Why isn't that inclusive enough to include the SD card, or why shouldn't it be? Judge Livingston, the short answer to that question is the particularity requirement, which is heightened in these cases because we're talking about digital devices. And the government doesn't talk about, actually the government never mentions the heightened particularity requirement when it comes to searches. of digital devices. But if the court looks at the original warrant, and I've always remarked on these warrants that they're so specific and peculiar. In the matter of the search of a Samsung SM-J336AZ phone, and then it lists the serial number. That is to satisfy the particularity requirement, and that's why warrants aren't given to law enforcement to search a digital device in the possession of law enforcement. But they did search the Samsung phone with that serial number. It just had inside it the SD card. Actually, Judge Monashi, they did not search that phone because it was PIN-protected, and they could not get around the password. Now, for reasons that... No, I understand. They attempted to search the phone, they decided they couldn't get into the phone, and so they saw what they could search, right? So if the battery were inside the phone, like so let's say the battery were inside the phone and they were searching, if they have a warrant to search the phone, and they can't get in because of the PIN, could they open it up and look at the battery and just see if something's hidden in there? Would that be okay, or would that not be okay? The battery is not a storage device. The battery is not described as a storage device in the search warrant application. So it's not that the SD card is a different thing that can be removed, it's that it stores data? It is very much a different thing that can be... No, but so is the battery, which is why I was asking if it would be... Yes. ...if the battery is encompassed within the definition of the device. The battery is not a storage device with its own unique serial number. The SD card is capable of being removed. That's the way that the Deputy Marshall described it. It's capable of... Is it your understanding, like, when a search is for a computer and there is a hardware, that would encompass the hardware that's encased within the computer. Would it also encompass hardware that's attached to the computer, in your view? There is ample case law on this point, that when you're searching a computer, an attached hard drive is contemplated as part of the computer. But to come back to the good faith question... Just to help me understand, so then why wouldn't the SD card be... Why shouldn't we analogize to the hard drive? I mean, it seems like you're... There's another analogy, and correct me if I'm wrong, but a flash drive that's inserted in a laptop, my guess would be that there would be a separate warrant. So why is the SD that's within the phone more like that flash drive and not like the hard drive? It would be more like the removable flash drive from a laptop, and you would very much expect, especially if, when you open the back of the phone, you see a different digital device with its own unique serial number, you just stop and get a warrant for that device. Because it's not so much the serial number. If you have a hard drive, a computer with a hard drive, you remove the hard drive, the computer is a shell and it can't store information. Is your point that a cell phone can have actually more than one SIM or SD card? There are some phones that contain one that you can put in and then a compartment where you can hold a second SD card, correct? Right. I'm not an expert on this. SIM card is the thing you put into the phone that allows the card to communicate with the world. SD card is the removable, portable, capable-of-being-operated-independently device that you can pull out of one device and put it into another device. So my question is, with a hard drive on a computer, is there any information, once you remove the hard drive, is there any information that that computer contains or does it become a shell? Do you see what I mean? I do. And I don't know the answer to that question. With the phone, in question here, if you remove the SD card, the phone still has information in it. Absolutely. 100%. Well, the 8th Circuit has said that even if you have an external hard drive, if it's attached to the computer, it's still part of the computer, right? I'm sorry, I'm having difficulty. Sorry, the 8th Circuit has said that if you have an external hard drive that's attached to the computer, it's part of the computer, right? But an external hard drive doesn't require, it's not required for the thing to run. External hard drive can be attached to the computer and attached to other ones. So do you think the 8th Circuit was wrong or is there some distinction between an external hard drive and an SD card? I don't think the 8th Circuit is wrong, and I don't think that the case law regarding searches of laptop, excuse me, of tower computers are wrong. I don't think that at all. I think under the circumstances of this case, let me give the specific example, and I do want to come back to good faith. The evidence that's in the bag, when the deputy marshal put the phone in the bag, he was clear under oath it's in one piece. The battery is inside the phone. And yet when the investigator receives the bag and opens it up, the battery is outside of the phone. So why under those circumstances, especially when you know that Judge McEvoy found as a matter of fact somebody, somebody took the back of this phone off. He didn't go as far as saying that it was Imburgio, but Imburgio is the only person who had contact with this phone. Why would you extend good faith under these circumstances to someone who is not disclosing the existence of this digital device and when asked about it in the suppression hearing, says, I don't know how the back of the phone came off. Yes, but that may go to chain of custody or some other issue, but how did the trial judge get it wrong when the trial judge found that the agent who conducted or officer who conducted the search did so in good faith, believing that he had every authority to search the SD card. I'm struggling with how good faith doesn't apply here, and you mentioned at the outset of your argument that the second warrant was misleading, but didn't the second warrant attach the first warrant? I'm sorry. I don't believe that I said the second warrant was misleading. The first warrant was misleading because it didn't tell the magistrate about this separate device. You're not trying to suggest the second warrant was misleading. I'm not, but to answer Your Honor's question about good faith of the second officer, of Kozel who's searching, Kozel performed two searches, right? Actually, there were two searches of this phone. There was the initial search, and Kozel's position was, I didn't know about an SD card. When I sat down and I got the bag of evidence, I open up the bag of evidence. There's a phone, there's a battery, separate. I take the back of the phone off. Ah, there's an SD card. I didn't know that. And his position is, I have the right to search this SD card because it's inside the phone. Even though he said it's portable and can be operated on its own. I can search it anyway because it's durably attached to the phone, which sounds like something that would be made up in a prosecutor's office. Why isn't that a reasonable belief? Even if we were to say it's ultimately not right or not, I mean, why couldn't you say, SD card is like an external hard drive, which is attached to the phone, even though it can be detached and attached to different computers. And here, even more so, the SD card is inside the phone. It's not even sitting separately on a desktop. Why did he stop? Well, he stopped because he saw information that was outside of the information that was being searched for, right? Is it really? Is finding those photographs really outside the scope of a search for failure to register? Isn't that precisely the kind of... Well, didn't they have a point to look for whether he had moved to New York and then he discovered criminal activity and then decided to get another warrant for that information? It is... He should have kept looking at all the pictures? I'm sorry? So you're saying he should have kept looking at all the pictures? It's against him that he stopped after finding the images? I'm saying the fact that he stopped searching is proof that he knew he was searching someplace he didn't have the authority to be. And this is a senior investigator. This is what he does. They detect for a living. They're observant for a living. This is his specialty. Wouldn't you have known that at the outset? I mean, that doesn't make... I'm struggling with the statement you just made because he would have known that at the outset. If he knew he wasn't supposed to search within it, he wouldn't have looked at all. The fact he stopped was because the warrant called for searching for proof of residency, not evidence of child pornography. That's why he stopped, right? I just want to be clear. It is our position that he was unreasonable in searching the SIM card. Excuse me. Now I'm doing it. In searching the SD card. Because he had experience, specific training. He was the expert. He knows the difference between a SD card and a cell phone. And he had a warrant, like I said, that specifically authorized... But here we are trying to figure out whether the SD card, because it's attached to the phone, is inside the phone, is part of the phone, or it's a separate device. If we don't think that there's an obvious answer to that question, why would you expect him to think so? Hasn't the government waived that argument? Hasn't the government sort of punted that question by going directly to good faith and saying under the circumstances that he acted in good faith? Why would this case... Their literal argument is in a footnote, footnote 13, for why the warrant authorized them to search the SD card. That's the entirety of their argument is a footnote. So our position is this is about good faith. Those are two different arguments, whether it was within the scope of the warrant or whether it could reasonably be understood to be within the scope of the warrant and therefore the officers acted in good faith. I don't understand why making only the good faith argument, does that mean it's not credible? I'm sorry, I didn't... Why is it that the government, by focusing on good faith, is waiving the argument that the officer could have reasonably believed that it was within the scope of the warrant? Isn't that what a good faith argument is? Because they literally say so in footnote 13 that by arguing good faith, we're not conceding the fact that the warrant allowed them to search the SD card. That's not an argument, especially under the heightened particularity requirement. If the heightened particularity requirement has... Oh, you're saying they haven't sufficiently advanced the argument that it was within the scope. Yes. But I asked you a different question, which is since we, it's not clear to us whether it's within the scope or not, why wouldn't a reasonable officer have, you know, been within... be reasonably acting in good faith if he thought that it was within the scope because it was attached and inside the phone? Again, there is record evidence here of misleading a magistrate. There is record evidence here of misleading the district court. When Ambergio is asked, how did the battery get out of the phone? How did you discover the serial number? He said, I don't know. And the Fourth Amendment demands more than I don't know when you're answering questions in a courtroom. I do have a second point. Maybe I have reserved time. Maybe I'll talk about why the costs of suppression here are not high in light of the related failure to register conviction. Thank you. Good morning. May it please the court. Thomas Sutcliffe on behalf of the United States. The district court here correctly determined that New York State Police Investigator Peter Kozol acted reasonably and in good faith when he searched the SD card that he found in the defendant's phone. Investigator Kozol testified during the evidentiary hearing that he believed he had the authority to search that SD card because he had a search warrant for the phone and that SD card was a component of the phone. That was an objectively reasonable conclusion. In fact, the government has cited, both in its brief and in its 20HA letter, three district court decisions that have reached similar conclusions. And it's difficult to see how Investigator Kozol could have acted unreasonably if three district court judges have essentially agreed with his analysis, particularly where the defendant has yet to cite any case on point to the contrary, whether binding or otherwise. So is the opposing counsel correct that somebody misled the magistrate as to the existence of the SD card? Your Honor, I don't think that is correct. First of all, Judge McEvoy below did not make any findings to that effect, and I don't think the evidence here supports any inference that anything was misleading. Even assuming that someone in the marshal saw the SD card and even assuming that they understood what it was, again, it would have been perfectly reasonable to conclude that that SD card was simply a component of the phone and therefore there was no need to separately list it in the warrant, which is essentially the same conclusion that Investigator Kozol also reached. I think it's also important to keep in mind along those lines that the investigators here didn't have anything to gain by not including the SD card if they honestly thought that it was relevant to the warrant. If there was probable cause to search the phone, there was almost certainly going to be probable cause to search the SD card. So this is not like a paradigm case where there's reason... The magistrate judge just uses the attachment from the application to describe what's going to be searched, right? So it seems like the magistrate was going to authorize the search even if they had included the SD card separately. Your Honor, I think that's right. I can't think of any scenario in which the existence of the SD card would have changed the probable cause analysis. So again, I don't think this is a paradigm case where you have reason to think investigators are withholding information for a tactical reason because they don't think they can get the warrant of the warrant. So then why on the second warrant do they list them separately? Your Honor, I think the reason for that is it's simply an acknowledgement of the fact that by the time the government sought the separate warrant, the SD card had been removed from the phone. So by that point, the phone and the SD card had been separated. And by this point, there's also now reason to think that the SD card may include information, its own independent incriminating information. So I think at that point, it simply made sense to separate it. So you think that's the way this should work, that when the SD card is attached to the phone, that a warrant to search the phone covers the SD card, but when it's taken out, they're two separate devices, and therefore you need them to be listed separately? Your Honor, I don't know that there's a per se rule that would govern that situation. I think when it is separated, I think it simply makes more sense to identify it that you're asking the court to permit you to search. I don't know that one is necessarily better than the other, but I think at least under the circumstances, the decision to do it in this way certainly isn't evidence that anyone acted with bad faith in that respect. But the basis that part of the argument that you're advancing, that it would allow the search of the SD card, is that it was inside the phone. So the fact that the agent then, or law enforcement, separated it doesn't change the fact that it was part of the phone. Do you agree that it's the better practice to list? I mean, law enforcement hopefully gets training on technology, and to list that the better practice is to list that when you're searching a phone, it might include any device that's attached to it, whether it be an SD card that's actually in the phone, or some phones, are you aware that some phones can hold more than one SD card when one is in use but not the other? So would the better practice be to have that language in the warrant itself? Your Honor, I don't know that it's the better practice. I don't think there's any harm in that practice. It's simply stating it as a general matter. I think we have to be sensitive that in some situations it may not be apparent whether or not there is actually an SD card, depending on whether the investigators actually need to open the device. But it's not that hard to change the basic language of a warrant to say, in any SD card that may be contained within the phone or outside of the phone, you know, within the phone, and then presumably if it's a location, instead of just the phone, warrants for locations typically say any computers, hard drives, iPads, any kind of device that contains electronically stored information. In this case it was just the phone. But it wouldn't be that hard to add that language to a warrant. Your Honor, I don't think it would be difficult. I don't think it's strictly necessary, and from a good faith perspective, I certainly don't think it affects the good faith analysis. But you say you don't think it's strictly necessary, and you don't abandon, but you don't push, you don't press the argument that the warrant authorized the search of the SD card here. Why not? I mean, it seems to me that the attachment B does speak to information, however stored, including flash drives. This SD device was within the phone. It's essentially in the phone to give the phone extra storage. Why isn't that within the scope of the warrant that was written? Your Honor, the government, I think it was within the scope. The district court here based its decision solely on the good faith analysis, and the government sort of followed suit and has framed its argument that way. I don't think there's anything that stops this court from affirming on the alternative basis that the search was lawful here. And at the very least, I think the more compelling the arguments for the lawfulness, I think that feeds directly into the good faith analysis as well, because the stronger the argument for the lawfulness, the less likely it is that anyone here acted in good faith because these were reasonable determinations that they made. With respect to the second warrant, the August 2019 warrant, I think another thing to keep in mind here is I think there's been a suggestion, both in the briefs and in oral argument, that this was somehow an attempt to paper over a prior mistake. It's really quite the opposite here. I think the second warrant is an example of investigators doing exactly what they were supposed to do. As I think was addressed previously in questioning, the reason that this warrant was sought is because Investigator Kozel, when he observed images that he thought were evidence of child pornography, he stopped his search, contacted the marshals, and they obtained a fresh warrant. The reason they did that is because it was a very limited warrant, the first one. It addressed only SORNA violations, and I think this is an example of investigators doing what we would hope that they would do. In fact, Judge McEvoy below cited Investigator Kozel's decision to stop, not as evidence of bad faith, but rather as an indication that he wasn't acting with a culpable state of mind. That is a fact. If he had not stopped, that really would have been an expansion. If he had embarked on a digital search of the child pornography evidence after stumbling upon it, when the warrant authorized a search for essentially residence information, that would have been a fourth amendment violation, wouldn't it? I don't know necessarily, Your Honor. I think the sort of aspect of the warrant at least gave him the authority to look through the entirety of the SD card. There might have been an argument that he could have viewed it under the plain view exception, but at the very least, I think it's clear that Investigator Kozel took the more cautious route, and that level of caution is a testament to the good faith that he acted here with. The other thing I would just note, Your Honor. Do you agree that the SD card and the phone are separate devices? They have their own separate serial number, and they take one out and put a different one in? Your Honor, I think they certainly can be separated. I don't think the serial number here is really relevant. A serial number is a label a manufacturer uses to designate one of its products. It doesn't tell us anything about what the component does in a bigger device. And in fact, Your Honor, I think some, if not all, hard drives in computers like laptops also have their own serial number. So it doesn't really tell us anything in this context. Going back to the Eighth Circuit's decision in the United States. But doesn't the serial number identify the device much like a phone or a computer or a hard drive? And also, if you're correct that the SD card did not need to be listed separately, then why list it that way? If they were only going back to get authorization to expand the search to include child pornography, why list it separate? Why not just stay the course and say, hey, we're searching the subject phone? When you compare Attachment A in the second warrant to Attachment A in the first warrant, it's clear that by the time the second warrant's filed, it's being identified as a separate device, correct? Your Honor, I don't know if it's a separate device. It's certainly delineated separately in the second warrant. Why? I think the reason being that at this point it had been separated and it was clear to all the investigators there was likely going to be information on that SD card that was not on the phone. And quite possibly, it was still possible at that point that the only component they would get any information off of was the SD card. Because up until that point, they had no success accessing anything on the phone itself. And again, with respect to the serial number, my understanding, Your Honor, is a serial number could appear on any number of components that are associated with a computer. It's not an indication that that item is somehow separate or that it has a separate life distinct from whatever it's placed inside of. Do you agree that a flash drive that you use with a laptop is a separate device and would generally be treated as a separate item if you were specifying grounds for a search? I'm not sure that's the case, Your Honor, just because a flash drive, as I understand it, and maybe I'm blurring my terms, is functionally no different than an external hard drive, which was the subject of the United States v. Beckman decision, which did find that at least for purposes of evaluating the scope of someone's consent, an external hard drive is a component of a computer. And I would just emphasize that if anything, I think an SD card is a better candidate for being a component than an external hard drive. The reason for that is because the way an external hard drive typically works, as I think came up previously, is that it's plugged into a USB port. So it is, as the name would suggest, external. There's nothing external about an SD card. It requires disassembly to access. To access the one here, for example, a user at the very least would have to have removed a back cover to get to it. So it is embedded in this device, and it's an integral component of it. Unless the court has any further questions, I just respectfully ask that it affirm the district court's judgment. Thank you. I just have a few points. There were a couple of references to bad faith. Nobody's arguing bad faith. The absence of good faith is not the same as bad faith. That's number one. Number two, there is a paucity of cases like this where the SD card was not specifically identified, and then there was a search, and then there was a suppression motion. Perhaps one of the reasons for that is because law enforcement generally specifies that they want to search both the cell phone and the SD card. I mean, that's why you have the particularity requirement. As for the issue of there is this fact in this case that just remains unexplained by the government as to what Deputy Marshal Imbergio did with this phone. And this is what Judge McAvoy wrote. Although Imbergio contends that he did not open the phone, remove its battery, or look into the back of the phone before preparing the warrant application, it is clear that someone at the marshal's service opened the phone and removed its battery. That's at page 139 of the appendix. So that has to be accounted for in this case somehow, that he was less than candid with the court, with both the magistrate and with the district court when he was asked to. But if the government were right that it was at least a reasonable belief that the SD card was a component of the phone and therefore you didn't have to list it separately, then even if somebody had opened up the back and seen the SD card, they would have been acting on that reasonable belief, right, by not changing the warrant. There's no way you can miss this card, Judge. No, no, I'm saying even if you saw the card, you might have thought it was a component of the phone. He's an expert. He had specific training in 2018. But we actually don't know whether Imbergio is the one who did that, right? We do know he was the one who wrote the warrant. He wrote the warrant, but we don't know who removed the back cover of the phone. That's correct. Somebody did. Somebody did, and somebody took out the battery, and then Imbergio himself, this is the worst part for the government. Imbergio's testimony in the suppression hearing, and he's very clear about this, I put the phone in the evidence bag with the battery inside the phone, and I sealed it. So, Judge Kahn, it's not a chain of custody issue. It is an issue as to the credibility of the person who's doing all of this stuff, who's putting the phone, the evidence in the bag and sealing it up. Do you disagree? If they had listed both devices in the initial warrant application, as you think they should have, the warrant would have issued, correct? I'm not standing here. There was not a clause to search each device. Sure. So what would the motive be for a law enforcement agent to knowingly remove the back of the phone, notice that there's an SD device, and not list it? Carelessness, recklessness, taking the easy way out, which is why there should be deterrence in this case. And if I may, very, very briefly, talk about the deterrent aspect here and why it actually would not be high if this court were to say, no, there is not, under the facts of this particular case, we're not going to apply the good faith shield to these officers. If that happens, there has to be a de novo resentencing of Mr. Tompkins because he was convicted of both failing to register and the child pornography conviction. And in that case, he goes back before the judge, and all of this evidence, the child pornography that was found on his phone, his admission in the plea hearing that there was child pornography on his phone, is considered by Judge McAvoy or whoever the district judge is at the time as part of the 3553A factors. And while he's not facing the same 10-year mandatory minimum, the maximum for a SORNA violation is 10 years. So he could get up to 10 years under the law, and the maximum period of supervised release for a SORNA violation is also lifetime. And he would still be subject to the same conditions of supervised release, the special, mandatory, and standard conditions of supervised release. So the court could actually, in this case, could send a message to law enforcement, we want law enforcement to tell us about these devices in the warrant applications, and we want you to tell the truth in the suppression hearings. We don't want you to come into court and take an oath and then say, I don't know, while at the same time Mr. Tompkins would remain in prison and probably serve an extended period of extended sentence. Thank you. Thank you both, and we will take the matter under advisement. Nicely argued.